IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MICHAEL THORNTON,**

    Petitioner,

v.                                                        Civil Action No. 3:18CV662

**NEWPORT NEWS CIRCUIT COURT,**

    Respondent.

## MEMORANDUM OPINION

Michael Thornton, a Virginia state prisoner proceeding *pro se* brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 5) challenging his conviction in the Circuit Court of the City of Newport News, Virginia ("Circuit Court"). In his § 2254 Petition, Thornton argues that he is entitled to relief based upon the following grounds:[1]

| | |
|---|---|
| Claim One: | "The evidence was insufficient to prove [Thornton] committed conspiracy because the evidence did not establish an agreement between one or more [persons] prior to the robbery." (§ 2254 Pet. 5.) |
| Claim Two: | "The evidence was insufficient to establish Thornton was one of the robber[s] and carjack[ers] of Watson." (*Id.* at 17.) |
| Claim Three: | "Attorney Joshua A. Goff worked by himself and [was] never available for meeting[s] about appeals process. Mr. Goff told me that everything at trial would be [in] my appeal and 'he said he got it' when asked what he would be filing. This [is] ineffective assistance of counsel because not only did he not focus on some of the issues that [were] never proven at trial, he misrepresented when he said, 'everything would be covered.'" (*Id.* at 17–18.) |

---

[1] Thornton only identified one ground for relief on his § 2254 Petition. However, attached to the standardized form, he lists "Ground Two 12(A)," and "Ground Three (A)." (§ 2254 Pet. 17.) Because Respondent construed Thornton to raise three claims, the Court follows suit. The Court corrects the capitalization and punctuation in quotations from Thornton's submissions. The Court employs the pagination assigned by the CM/ECF docketing system for citations to the electronic record.

Respondent moves to dismiss the § 2254 Petition on the ground that Thornton has failed to exhaust his state court remedies as to all of his claims. Despite the provision of notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Thornton has failed to respond. For the reasons stated below, the Motion to Dismiss (ECF No. 11) will be GRANTED.

## I. PROCEDURAL HISTORY

Following a bench trial, the Circuit Court convicted Thornton of robbery, conspiracy to commit robbery, carjacking, and two counts of use of a firearm in the commission of a felony. (ECF No. 13-1, at 1-2.) The Circuit Court sentenced Thornton to an active term of thirty years of incarceration. (*Id.*) Thornton appealed, raising Claims One and Two of the instant § 2254 Petition. (ECF No. 13-2, at 1.) The Court of Appeals of Virginia denied his petition for appeal finding sufficient evidence to sustain his convictions. (*Id.* at 1-6.) The Supreme Court of Virginia refused Thornton's subsequent petition for appeal. (ECF No. 13-3, at 1.)

Respondent notes that there is no record of Thornton filing a state habeas petition in the Circuit Court of the Supreme Court of Virginia. Thornton has not contested this assertion. For the reasons stated below, Thornton's § 2254 Petition will be DISMISSED WITHOUT PREJUDICE for failure to exhaust his state court remedies.

## II. EXHAUSTION AND PROCEDURAL DEFAULT

### A. Applicable Law

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)). The purpose of the

exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "'opportunity'" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)) (additional internal quotation marks omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan*, 513 U.S. at 365–66). Fair presentation demands that a petitioner must present "'both the operative facts and the controlling legal principles' associated with each claim" to the state courts. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

In Virginia, to exhaust state remedies, a "petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006); *see*

*also* Va. Code § 8.01–654(A)(1) (2019). "Whichever route the inmate chooses to follow, it is clear that [the inmate] ultimately must present his [federal habeas] claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them." *Banks v. Johnson*, No. 3:07CV746-HEH, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008) (second alteration added) (quoting *Graham v. Ray*, No. 7:05cv00265, 2005 WL 1035496, at *2 (W.D. Va. May 3, 2005); *see also Sparrow*, 439 F. Supp. 2d at 587.

The United States Supreme Court has approved the use of a "stay-and-abeyance" procedure in the case of certain "mixed" federal habeas corpus petitions, *i.e.*, those petitions that contain both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 274–76 (2005). However, "granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts," which is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. This Court has previously concluded that "'where a petitioner has failed to exhaust state court remedies for *all* of his claims, the federal court must dismiss the petition without prejudice because the use of the stay and abeyance procedure for certain mixed federal habeas petitions is inapplicable.'" *Payne v. Johnson*, No. 3:07CV614, 2008 WL 3843447, at *1 (E.D. Va. Aug. 15, 2008) (some internal quotation marks omitted) (quoting *Banks*, 2008 WL 2566954, at *2); *cf. Jackson v. Roe*, 425 F.3d 654, 659–661 (9th Cir. 2005) ("*Rhines* applies to stays of mixed petitions . . . ."); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (citation omitted) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust.")

Nevertheless, several courts have concluded that *Pace v. Guglielmo*, 544 U.S. 408, 416 (2005) extended the *Rhines* rationale beyond mixed petitions. *See Heleva v. Brooks*, 581 F.3d 187,

191–92 (3d Cir. 2009); [2] *Dolis v. Chambers*, 454 F.3d 721, 724–25 (7th Cir. 2006). *But see Rasberry*, 448 F.3d at 1154 (declining to extend stay and abeyance without discussion of *Pace* to "the situation where the original habeas petition contained only unexhausted claims . . . .") In those cases, the Third Circuit Court of Appeals and the Seventh Circuit Court of Appeals remanded unmixed petitions to the district courts to determine whether each petitioner was entitled to a *Rhines* stay for "good cause" based on the petitioner's belief that he had one day, and a "very short[]" period, respectively, remaining of the federal limitations period. *Heleva*, 581 F.3d at 191; *Dolis*, 454 F.3d at 724; *see also Doe v. Jones*, 762 F.3d 1175, 1181–82 (10th Cir. 2014) (concluding district court had discretion to consider a *Rhines* stay in unmixed petition when petitioner had two days remaining of the federal limitations period). The Seventh Circuit explained that "[i]n keeping with *Rhines*, the district court would naturally have discretion to decide whether a stay was warranted in the particular circumstances in each case." *Dolis*, 454 F.3d at 725. Assuming without deciding that *Pace* extends *Rhines* to allow stay and abeyance of petitions comprised of entirely unexhausted claims, Thornton fails to demonstrate good cause for a stay and abeyance of his § 2254 Petition.

---

[2] The petitioner in *Pace* sought and was denied state post-conviction relief twice before he filed his federal habeas petition that contained only the claims exhausted in his second petition. *See Pace*, 544 U.S. at 410–11, 418–19. The Supreme Court found that the second post-conviction relief application was not "properly filed" due to untimeliness and that it could not toll the federal limitations period under 28 U.S.C. § 2244(d)(2). *Id.* at 416. The Supreme Court, however, suggested that "[a] prisoner seeking state post-conviction relief might avoid this predicament . . . by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until the state remedies are exhausted." *Id.* Courts have relied on this suggestion in *Pace*, "to conclude the Supreme Court 'sanctioned' the application of a *Rhines* stay to 'context[s] outside that of mixed petitions.'" *Doe v. Jones*, 762 F.3d 1174, 1179 (10th Cir. 2014) (alteration in original) (quoting *Heleva*, 581 U.S. at 191).

## B. Lack of Exhaustion

Thornton raised Claims One and Claims Two in his direct appeal before the Supreme Court of Virginia. Thornton has not raised Claim Three in the state courts. Claim Three is clearly unexhausted.

## C. Stay Analysis

Although "stay and abeyance should be available only in limited circumstances," *Rhines*, 544 U.S. at 277, the Supreme Court concluded:

> it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a . . . petition if [(1)] the petitioner had good cause for his failure to exhaust, [(2)] his unexhausted claims are potentially meritorious, and [(3)] there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Id.* at 278. The Court need not engage in an extended analysis because Thornton has offered no reason, much less shown good cause, for his failure to exhaust Claim Three. Accordingly, Thornton has failed to demonstrate good cause for a stay of the instant action.

## III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 11) will be GRANTED. Thornton's claims will be DISMISSED WITHOUT PREJUDICE and his § 2254 Petition will be DENIED WITHOUT PREJUDICE. The action will be DISMISSED WITHOUT PREJUDICE. Thornton may file a § 2254 petition once he has exhausted his state court remedies. A certificate of appealability will be DENIED.

/s/ Roderick C. Young
United States Magistrate Judge

Date: March 2?, 2019
Richmond, Virginia

6